David D. Lin
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
david@iLawco.com

*Attorneys for Douglas Senderoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re:**<br><br>**Rahul Dev Manchanda** | Case No. 23-22095 (SHL) |
| **Douglas Senderoff**,<br><br>Plaintiff;<br><br>v.<br><br>**Rahul Manchanda**,<br><br>Defendant. | Adv. Pro. No. _____ |

**Complaint to Determine Dischargeability of Debt**
**11 U.S.C. § 523(a)(6)**

Plaintiff Douglas Senderoff, for his adversary complaint against Debtor Rahul Manchanda to determine the dischargeability of a debt in the above-captioned bankruptcy proceeding, alleges as follows:

## PARTIES

1. Rahul Manchanda is a New York licensed attorney, and debtor in the above-captioned Chapter 7 bankruptcy proceeding. He resides at 270 Victory Blvd, New Rochelle, NY 10801, and is the sole owner of Manchanda Law Firm PLLC, headquartered at 30 Wall Street, 8th Floor, 10005.

2. Douglas Senderoff is a resident of New York County, New York, and is a creditor for damages arising from Manchanda's defamatory statements and other actions, as alleged in *Senderoff v. Manchanda*, Index No. 152538/2019 (Sup. Ct., N.Y. Cty.),[1] an action that was pending prior to Manchanda's Chapter 7 petition.

## JURISDICTION AND VENUE

3. This adversary proceeding relates to *In re: Rahul Dev Manchanda*, Case No. 23-22095 (SHL), a chapter 7 case pending in the United States Bankruptcy Court for the Southern District of New York, White Plains Division.

4. The Court has jurisdiction over the case under 28 U.S.C. §§ 1334 and 157, because this is an action under 11 U.S.C. § 523 and Fed. R. Bankr. P. 4007 and 7003 for a determination that a debt is excepted from discharge.

5. Venue is proper pursuant to 11 U.S.C §§ 1408 and 1409, because Manchanda resided in this District for the 180 days prior to filing his petition, and this is an adversary complaint is related to that petition.

6. Senderoff expressly consents to the entry of final orders and a final judgment by this Court per Fed. R. Bankr. P. 7008.

---

[1] References to the docket in the underlying state court case take the form (S###) and can be viewed online at <https://iapps.courts.state.ny.us/webcivil/FCASMain>.

## STATE COURT ACTION

7. On March 8, 2019, Senderoff filed a summons and verified complaint against Manchanda in New York state court: *Senderoff v. Manchanda*, Index No. 152538/2019 (Sup. Ct., N.Y. Cty.) (S1).

8. On October 16, 2020, Senderoff filed a cross-motion for leave to file an amended complaint and attached the proposed complaint as a redline (S89-S94.)

9. On April 28, 2021, the Court granted leave to amend and ordered that "the amended complaint, in the form annexed to the motion papers shall be deemed served upon service of a copy of this order with notice of entry upon defendant." (S111)

10. On April 29, 2021, Senderoff filed a notice of entry and served Manchanda via NYSCEF (S112). Accordingly, the operative Complaint is S93, which is attached hereto as Exhibit A and incorporated by reference.

11. The Complaint principally alleges that Manchanda made a series of false and defamatory statements on various "shaming websites," including CheatLand.com. The posts falsely claimed, among other things, that Senderoff uses cocaine, performs surgeries in exchange for sex, rapes patients under anesthesia, and botches operations. *See, e.g.,* Ex. A ¶¶ 24-26, 60-65.

12. The Complaint asserts claims for (1) Defamation – Libel and Libel Per Se; (2) Tortious Interference with Contractual Relations and Prospective Contractual Relations; (3) Prima Facie Tort; (4) Intentional Infliction of Emotional Distress; (5) Permanent Injunction; (6) Abuse of Process; and (7) Malicious Prosecution. *Id.* ¶¶ 74-129.

## COUNT I—DISCHARGEABILITY
## 11 U.S.C. 523(a)(6)

13. Senderoff's claims in the underlying litigation are for "willful and malicious injury by the debtor to another entity," and are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

14. In particular, Manchanda did not know Senderoff, yet he knowingly posted a series of false and defamatory statements about him online with the intent of causing harm. The sheer number of statements and their absurdity shows that the statements were made with full knowledge of their falsity and with the malicious intent to cause injury to Senderoff.

## REQUEST FOR RELIEF

Senderoff respectfully requests the Court:

**(1)** Enter judgment against Manchanda declaring that Senderoff's damages for the claims asserted in *Senderoff v. Manchanda*, Index No. 152538/2019 (Sup. Ct., N.Y. Cty.), are not dischargeable pursuant to 11 U.S.C. § 523(a)(6);

**(2)** Award Senderoff attorneys' fees incurred in the bankruptcy proceeding and any subsequent appeals pursuant to Fed. R. Bankr. P. 9011, and any other applicable provisions;

**(3)** Award Senderoff pre- and post-judgement interest on the damages award, costs, and attorneys' fees to which he is entitled, and at the highest legal rate until such judgment is paid in full; and

**(4)** Grant Senderoff such other and further relief to which he may be justly entitled.

| | |
|---|---|
| Respectfully Submitted,<br>March 7, 2023 | /s/ *David D. Lin*<br>David D. Lin<br>LEWIS & LIN, LLC<br>77 Sands Street, 6th Floor<br>Brooklyn, NY 11201<br>Tel: (718) 243-9323<br>david@iLawco.com<br><br>*Attorneys for Douglas Senderoff* |