
RECEIVED
MAR 31 2023
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | * | **NOTICE OF MOTION TO DISMISS** |
| In Re: | * | Case No. 23-22095 (SHL) |
| **Rahul Dev Manchanda** | * |  |
|  | * | Return Date: 04/06/2023 (10:00 AM) |
|  | * |  |

---

|  |  |  |
|---|---|---|
| **Douglas Senderoff,** | * |  |
| Plaintiff, | * |  |
| v. | * |  |
|  | * | Adv. Pro. No. 23-07008 (SHL) |
| **Rahul Manchanda,** | * |  |
| Defendant. | * |  |

---

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Rahul Manchanda, the accompanying Memorandum of Law, and upon all prior pleadings and proceedings had heretofore herein, the undersigned will move this Court, US Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004 on the 6th of April 2023 at 9:30am, or as soon thereafter as counsel may be heard, for an order Dismissing the Complaint for failure to state a cause of action, together with such other and further relief as this Court deems necessary and appropriate.

Dated: New York, New York
March 29, 2023

/s/ Rahul Manchanda
Manchanda Law Office PLLC
30 Wall Street, 8th Floor
New York, New York 10005
Phone: (212) 968-8600
info@manchanda-law.com

UNITED STATES BANKRTUPCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | * | **DEFENDANT'S MEMORANDUM OF** |
| | * | **LAW IN SUPPORT OF DEFENDANT'S** |
| | * | **MOTION TO DISMISS** |
| **In Re:** | * | Case No. 23-22095 (SHL) |
| **Rahul Dev Manchanda** | * | |
| | * | Return Date: 04/06/2023 (10:00 AM) |
| | * | |

-----------------------------------------------------------------

| | | |
|---|---|---|
| **Douglas Senderoff,** | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Adv. Pro. No. 23-07008 (SHL) |
| **Rahul Manchanda,** | * | |
| Defendant. | * | |

-----------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Rahul Manchanda, Esq. ("Defendant") submits this Memorandum of Law in support of his Motion to Dismiss the complaint of Plaintiff, Douglass Senderoff ("Plaintiff") for an order dismissing complaint pursuant to Federal Rules of Civil Procedure (FRCP) Section 12(b)(6), and Federal Rules of Civil Procedures (FRCP) Section 11.

**Relevant Proceedings**

1. The parties have been in a dispute in New York State Court, Index No.

152538/2019, Supreme Court, New York County.

2. Plaintiff wrongfully accuses and falsely alleges that Defendant made defamatory statements on websites including CheatLand.com. Plaintiff sued Defendant for defamation, including libel, tortious interference with contractual relations, tort, intentional infliction of emotional distress, injunction, abuse of process and malicious prosecution.

3. No judgment has been entered. There is no award of damages.

4. Plaintiff brings the matter before the Bankruptcy Court where Defendant has filed an action, claiming that litigation is for "willful and malicious injury" and as such is exempted from discharge pursuant to 11 U.S.C. Section 523(a)(6).

**Argument**

**A. Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action**

**Plaintiff Lacks Standing**

Pursuant to Federal Rules of Civil Procedure (FRCP) Section 12(b)(6), this complaint must be dismissed because Plaintiff failed to state a claim upon which relief can be granted.

Under New York law, a claim fails to merit relief when an element is not established.

In order to bring suit before this Court, one must have standing. Standing, in the context of bankruptcy, means statutory standing. Statutory standing is granted to the bankruptcy trustee as a result of the Bankruptcy Code. 11 U.S.C. Section 323 (a)(b); *In re Wilton Armetale, Inc.*, No 19-4310 (2nd Cir. April 26, 2021). Only when a cause of action belongs to the

bankruptcy estate does a creditor have standing. *Id.* Here, there is no judgment and no monetary award. Although a claim is broadly defined as a right to payment under 11 U.S.C. 101(5), and Plaintiff may without basis, believe he has a claim, that does not meet the requirements of this Court. In the context of bankruptcy, one must be a creditor to have standing. Being a creditor, means having a debt due and owing. See 11 U.S.C. Section 101(10). A creditor is a person or entity to whom a debt is owed. See 11 U.S.C. Section 101(10). Absent a money judgment, Plaintiff is not due any monies and is not a creditor and has no creditor's claim. See 11 U.S.C. Section 502(b)(2); A claim is not allowed for an unmatured interest. 11 U.S.C. Section 502(b)(2). There is no determined claim for the bankruptcy estate. And, for this reason, Plaintiff lacks standing to bring this action.

### B. Plaintiff's Complaint Should Be Dismissed As Frivolous and Sanctions Imposed on Plaintiff

Plaintiff seeks to harass Defendant by bringing this suit absent standing. Plaintiff's wishful expectation of a judgment is not enough to satisfy the jurisdictional requirements of the Bankruptcy Court. Pursuant to Federal Rules of Civil Procedures (FRCP) Section 11, this complaint must be dismissed because Plaintiff's action is frivolous. Bringing an action knowingly without standing is "frivolous." Plaintiff cannot claim ignorance of this rule because this rule is too elementary for any person, particularly a medical professional and business owner, such as Plaintiff.

As stated above, absent a monetary award, Plaintiff is not a creditor and has "put the cart in front of the horse." Plaintiff brings this action solely to harass Defendant and unreasonably burden Defendant with unnecessary trial costs and attorney's fees.

A determination of whether litigation is in bad faith requires "an inquiry into the totality of the circumstances must be conducted." In re Lombardo, 370 B.R. 506, 511 (Bankr. E.D.N.Y. 2007). Here, an examination of the facts, clearly shows, Plaintiff clearly acting bad faith. Plaintiff's attribution of so-called malicious behavior to Defendant is speculative, or anticipatory---at best. Further, it is improper for Plaintiff to insert his baseless cause of action in the Bankruptcy Court. It can only be surmised that Plaintiff brought this action to the Bankruptcy Court so as to exact financial and reputational harm to Defendant. Plaintiff stated that he wants his speculative judgment to be exempted from the bankruptcy estate. Even speculating that if Plaintiff were to be awarded a judgment, how is Plaintiff seeking payment? Is Plaintiff's primary motivation to drive Defendant into financial distress? Plaintiff is acting in bad faith.

## Conclusion

The Court should dismiss the Complaint as required by Federal Rules of Civil Procedure Section 12(b)(6) and Section 11.

**WHEREFORE**, it is respectfully requested that this court:

Grant Defendant's Motion to Dismiss this lawsuit in its entirety;

An award of all costs associated with this litigation, including filing fees and reasonable attorneys fees,

Sanctions against Plaintiff for frivolous litigation; and,

Such other further relief as this Court deems fair and equitable under the circumstances.

Dated: March 29, 2023
      New York, New York

                                                Respectfully submitted,

                                                Rahul Manchanda, Esq.
                                                Manchanda Law Office, PLLC
                                                30 Wall Street, 8th Floor
                                                New York, NY 10005
                                                Phone: (212) 968-8600
                                                info@manchanda-law.com

# UNITED STATES BANKRTUPCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
|  | * AFFIRMATION OF RAHUL<br>* MANCHANDA IN SUPPORT OF<br>* DEFENDANT'S MOTION TO DISMISS |
| In Re: | * Case No. 23-22095 (SHL) |
| **Rahul Dev Manchanda** | * |
|  | * Return Date: 04/06/2023 (10:00 AM) |
|  | * |

---

| | |
|---|---|
| **Douglas Senderoff,** | * |
| Plaintiff, | * |
| v. | * |
|  | * Adv. Pro. No. 23-07008 (SHL) |
| **Rahul Manchanda,** | * |
| Defendant. | * |

---

## AFFIRMATION OF RAHUL MANCHANDA ESQ.

State of New York )
County of New York ) ss:

Rahul Manchanda, Esq., an attorney admitted to practice law before the courts of the State of New York, affirms the following to be true under penalties of perjury:

1. I am the defendant. I make this affirmation in support of my Motion to Dismiss for an order seeking a dismissing of the complaint pursuant to Federal Rules of Civil Procedures Section12 and Section 11. I am fully familiar with the facts and circumstances set forth herein.

2. I, Defendant, Rahul Manchanda, am a debtor with a bankruptcy filing in the US Bankruptcy Court for the Southern District of New York.

3. Plaintiff, Douglass Senderoff, conducts business in New York, New York at the address of 41 Park Ave South, New York, New York 10016.

4. Plaintiff, Douglas Senderoff, brought a meritless suit against me. The matter is in New York State Court with an Index No. 152538/2019, Supreme Court, New York County.

5. There has been no judgment and no monetary award.

6. Plaintiff's complaint must be dismissed because Plaintiff failed to state a claim upon which relief can be granted.

7. In order to have standing to bring suit before this Court, Plaintiff must be a creditor and have a creditor claim. Plaintiff cannot be a creditor because Plaintiff has not been awarded anything by New York Supreme Court.

8. Plaintiff is harassing me by knowingly bringing this suit absent standing. Plaintiff cannot claim ignorance of this rule because this rule is too elementary for any person, particularly a medical professional and business owner, such as Plaintiff.

9. Plaintiff's meritless claim is frivolous litigation designed to force me to incur unnecessary and high court costs and legal fees further driving me into debt. Plaintiff's litigation against me is increasing my debts so that there is no way that I can overcome these debts and must seek discharge in this bankruptcy action.

10. Plaintiff's actions are in bad faith and as such Plaintiff should be sanctioned.

11. Additionally, I would request that the court require Plaintiff to reimburse me for all filing costs and attorney's fees associated with this action.

Dated: March 29, 2023
    New York, New York

/s/Rahul Manchanda

Rahul Manchanda, Esq.

# CERTIFICATE OF SERVICE

RAHUL MANCHANDA, of full age, pursuant to 28 U.S.C. Section 1746, hereby certifies as follows:

On March 31, 2023 I filed the Motion to Dismiss at the Clerk's Office at the Clerk's Office via personal courier service and service the same via USPS on:

1. Trustee, the Honorable Marianne O'Toole, Marianne O'Toole, LLC, 22 Valley Rd., Katonah, NY 10536

2. Plaintiff, Douglass Senderoff, M.D. through his attorney, David D. Lin, Esq, Lewis & Lin, LL.C. 77 Sands Street, 6th Floor, Brooklyn, NY 11201